IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES FARRELL GAITAINIS**                                                   **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:19cv43-KS-MTP**

**FORREST COUNTY JAIL MEDICAL
DEPARTMENT, SOUTHERN HEALTH
PARTNERS, PINE BELT MENTAL
HEALTH, NURSE ADAM, NURSE
GRACE, SHERIFF BILLY BOB MCFEE,
CORRECTIONAL OFFICER # 71,
CORRECTIONAL OFFICER # 60,
CORRECTIONAL OFFICER # 66,
CORRECTIONAL OFFICER # 38,
CORRECTIONAL OFFICER # 56,
CORRECTIONAL OFFICER # 76, and
SERGEANT JONES**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff James Farrell Gaitanis is a pretrial detainee at the Forrest County Jail, and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Forrest County Jail Medical Department is dismissed.

### BACKGROUND

Gaitanis is housed at the Forrest County Jail. Defendant Southern Health Partners is the jail's medical provider, which employs Defendant Nurses Adam and Grace. Defendant Pine Belt Mental Health is a mental health provider. Defendant Billy Bob McGee is the Forrest County Sheriff, and Defendants Correctional Officers # 71, 60, 66, 38, 56, and 76 and Sergeant Jones are employed at the jail. Gaitanis also sues the Forrest County Jail Medical Department. He complains of alleged denials of medical care and mental health treatment, racial

discrimination, a failure to protect, and retaliation.

On February 19, 2019, Gaitanis alleges that he broke his left ankle at the jail and it took twelve days before the medical staff would see him.   He claims Nurses Adam and Grace would only give him a few days' worth of Ibuprofen at a time and would not schedule him to see a doctor.   He contends his ankle is swollen, purple, and his foot is now crooked.

Next Gaitanis claims that Defendant Pine Belt Mental Health would not see him or refill his prescribed psychiatric drugs for 100 days.   He asserts that he suffered from severe depression, anxiety and sleeplessness.

Besides the health care providers, Gaitanis complains that the Sheriff and his employees are also mistreating him.   Gaitanis first claims "this administration is keeping . . . and throwing away [his] mail" and no one is allowed to shave.   (1st Am. Compl. [4] at 1).   Next, he alleges that Correctional Officers # 71 and 60 keep his cell light turned off because of his race.   This has also allegedly kept Gaitanis from reading and following along in his Bible when the preacher visits him.   Gaitanis appears to claim that Correctional Officer # 66 has denied him food because of his race.

Finally, Gaitanis alleges that since he filed the instant lawsuit, officers at the jail "have been doing everything in their power to make things hard" for him.   (5th Am. Compl. [13] at 1). Gaitanis claims that on May 16, 2019, while he was locked in his cell, two inmates threw urine and feces on him for two hours and, even though Correctional Officers # 38, 66, 56, 76, and Sergeant Jones witnessed this, they did not intervene.   Afterwards, these officers allegedly refused to allow Gaitanis to shower or to give him cleaning supplies for his cell.

Gaitanis filed this Complaint under 42 U.S.C. § 1983 for denial of medical and mental

2

health treatment and of the right to practice his religion, mail censorship, racial discrimination, retaliation, and failure to protect. He also sues for "medical negligence" and brings a claim against Southern Health for vicarious liability. (Compl. at 4).

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Gaitanis to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Gaitanis sues the Forrest County Jail Medical Department. This refers to Southern Health, which is already named separately as a Defendant. Forest County Jail Medical Department thus is a duplicate reference to the same Defendant and should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

3

the Defendant Forrest County Jail Medical Department should be, and is hereby, **DISMISSED** as duplicative.   The remainder of this case shall proceed.

      **SO ORDERED AND ADJUDGED**, this the __30th__ day of _May_, 2019.

                                              s/Keith Starrett
                                              UNITED STATES DISTRICT JUDGE