# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JAMES FARRELL GAITANIS**                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 2:19-cv-43-KS-MTP**

**SOUTHERN HEALTH PARTNERS, ET AL.**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [66] filed by Defendants Billy McGee, Marcol Smith, Richard Williams, Adarius Perkins, Byron Alexander, Justin Garrett, Adrian Jones, Marcus Madden, Jerome Wolfe, Elias Lover, and Forrest County, Mississippi. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [66] be granted in part and denied in part.

## BACKGROUND

On March 26, 2019, Plaintiff James Farrell Gaitanis, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was incarcerated at the Forrest County Jail. Plaintiff initially brought claims against the Forrest County Jail Medical Department[1] concerning his medical care. Plaintiff filed multiple Motions to Amend [11] [13] [21]. On April 15, 2019, Southern Health Partners and Pine Belt Mental Health were added as Defendants. *See* Order [9]. On May 22, 2019, Nurse Adam, Nurse Grace, Sheriff Billy McGee, Elias Lover, Marcol Smith, and Richard Williams were added as Defendants. *See* Order [12]. On May 23, 2019, Adarius Perkins, Byron Alexander, Justin Garrett, and Adrian Jones were added as Defendants. *See* Order [14]. On June 12, 2019, Forrest

---

[1] The Court dismissed the Forrest County Jail Medial Department on May 30, 2019. *See* Order [15].

1

County, Marcus Madden, and Jerome Wolfe were added as Defendants. *See* Order [22].  Plaintiff asserts claims concerning denial of adequate medical care, failure to protect from harm, retaliation, mail censorship, racial discrimination, denial of showers, denial of the right to practice his religion, and deprivation of food.

On September 12, 2019, Movants filed a Motion for Summary Judgment [66], arguing that Plaintiff failed to exhaust available administrative remedies prior to filing his claims against them.  Plaintiff filed a Response [72] on September 30, 2019, and the Motion [66] is ripe for disposition.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*.  The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact."

*Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patiently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

In support of their Motion [66], the Movants submitted an affidavit from Sandi Carter, the records custodian of the jail, stating that during Plaintiff's incarceration, there was an

3

administrative remedies program at the jail. *See* Carter Affidavit [66-2]. Movants also submitted a copy of the jail's inmate handbook, which sets forth the following grievance policy:

> It is the intention of the Forrest County Sheriff's Office to resolve all inmate grievances/complaints regarding their incarceration. The following is the procedure for filing a grievance with the Sheriff's office and/or jail:
>
>   1.  The grievance must be made in writing. It must be printed in black or blue ink.
>   2.  The grievance must contain the following information:
>       -Name of inmate
>       -Inmates social security number
>       -Inmate cellblock
>       -Date of grievance
>       -Exact description of complaint
>       -Relief/Resolution desired by inmate
>   3.  Inmate must sign grievance.
>   4.  Grievance is to be submitted to the shift supervisor on duty.
>   5.  You will be given notice of a hearing with the Sheriff or Chief of Corrections presiding. If relief or resolution is possible without a hearing, then no hearing will be scheduled.
>   6.  All decisions of the grievance hearing will be final.
>   7.  No group grievance/petitions will be accepted. Only individual inmate grievances will be reviewed.

*See* Inmate Handbook [66-2] at 14.

According to Carter, the inmate handbook is provided to each inmate upon his arrival at the jail. *See* [66-2]. Carter also states that she reviewed Plaintiff's entire jail file—which Movants submitted along with their Motion [66]—and Plaintiff failed to completely exhaust available administrative remedies concerning his claims against Movants. Movants argue that Plaintiff's claims against them should be dismissed because he failed to properly exhaust his administrative remedies.

In his Response [72], Plaintiff does not assert that he properly exhausted his administrative remedies, but asserts that he did not receive the inmate handbook. Plaintiff

argues that because he did not receive the inmate handbook, he was not required to properly exhaust.

Mere ignorance of the exhaustion requirement, however, does not excuse a plaintiff's failure to exhaust. *See Gonzalez v. Crawford*, 419 Fed. App'x 522 (5th Cir. 2011); *Leggett v. Lafayette*, 608 Fed. App'x 187 (5th Cir. 2015). "The Fifth Circuit requires that a prisoner plaintiff must, as the very least, inquire about filing a grievance and be denied in order to properly assert that administrative remedies are unavailable" *Davis v. Butler*, 2014 WL 5502421, at *3 (S.D. Miss. Oct. 30, 2014) (citing *Manemann v. Garrett*, 484 Fed. App'x 857, 858 (5th Cir. 2012); *Bailey v. Anderson*, 2014 WL 4327917, at *5 (N.D. Tex. Sept. 2, 2014). "Grievance procedures are unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). In this case, Plaintiff does not allege, and the record does not show, that mislead Plaintiff as to the existence or rules of the grievance process.

In fact, as Movants point out, the record demonstrates that Plaintiff was well aware of the grievance process and utilized it on numerous occasions. Plaintiff filed multiple grievances during prior incarcerations in 2017 and 2018. *See* [66-1] at 47-54; 67, 72. Plaintiff has also filed multiple grievances during his latest incarceration, which began in January of 2019. Plaintiff's grievances show that he was aware of the existence of a grievance process at the jail and show that the process was available to him. *See Garcia v. Hinojosa*, 2019 WL 2289584, at *4 (S.D. Tex. Feb. 4. 2019); *McGraw v. Mejia*, 2015 WL 614408, at *6 (N.D. Tex. Feb. 12, 2015); *Hanna v. Bossier Par. Corr. Ctr.*, 2014 WL 2807647, at *4 (W.D. La. June 20, 2014).

Additionally, Plaintiff's grievances demonstrate that Plaintiff failed to exhaust his administrative remedies before asserting his claims against Defendants McGee, Smith, Williams, Perkins, Alexander, Garrett, Jones, Lover, and Forrest County.  For example, on May 10, 2019, Plaintiff submitted a grievance complaining that Defendants Lover and Smith turned his lights off, preventing him from reading his Bible. *See* Grievance [11-1].  Without waiting for a hearing or any response from jail officials, Plaintiff filed a Motion to Amend [11] on May 15, 2019, seeking to assert claims against Lover and Smith concerning his lights.[2]  As another example, on May 16, 2019, Plaintiff submitted grievances complaining that Defendants Perkins, Williams, Alexander, Garrett, and Jones failed to respond when inmates threw urine and feces in Plaintiff's cell. *See* Grievances [13-2] [66-1].  Without waiting for a hearing or any response from jail officials, Plaintiff filed a Motion to Amend [13] on May 22, 2019, seeking to add claims relating to these allegations.  The record demonstrates that Plaintiff was granted leave to add Defendants McGee, Smith, Williams, Perkins, Alexander, Garrett, Jones, Lover, and Forrest County before he completed any grievance concerning his complaints against these Defendants.

The record reveals that Plaintiff completed the grievance process for certain grievances, but only after these Defendants were added to this action.  "Exhaustion is no longer left to the discretion of the district court, but it is mandatory." *Woodford*, 548 U.S. at 85.  An inmate may not simply initiate the grievance process, but must complete the process prior to filing suit. *Id*. at 83-84; *Wright*, 260 F.3d at 358.  The Fifth Circuit has stated as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

---

[2] On June 13, 2019, Plaintiff submitted another grievance concerning his lights. *See* Grievance [66-1].

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The record establishes that Plaintiff failed to exhaust his administrative remedies prior to asserting claims against Defendants McGee, Smith, Williams, Perkins, Alexander, Garrett, Jones, Lover, and Forrest County. Accordingly, the Court should grant the Motion for Summary Judgment [66] as to these Defendants.

The record before the Court, however, does not establish that Plaintiff failed to exhaust his administrative remedies for his claims against Defendants Madden and Wolfe. On May 26, 2019, Plaintiff submitted a grievance stating: "I was put in ISO 20 for nothing. I've been here for 10 days for nothing." *See* Grievance [66-1]. Plaintiff also stated, "I want out of here." *Id*. On May 29, 2019, a jail official responded by stating: "Not at this time." *Id*.

On June 10, 2019, Plaintiff filed a Motion to Amend [21], alleging that Madden and Wolfe placed him in "ISO #20 for nothing." On June 12, 2019, the Court granted Plaintiff's Motion [21] and added Madden and Wolfe as Defendants.

The Fifth Circuit has held that grievances should provide prison officials fair notice of an inmate's specific complaints and the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). The degree of specificity required in a grievance is determined by each prison's own protocol. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The grievance policy at the jail required a grievance to include, *inter alia*, an "exact description of complaint." *See* [66-2] at 14.

7

Plaintiff did not identify Madden or Wolfe in his grievance,[3] but this does not necessarily preclude exhaustion. The Fifth Circuit explained as follows:

> We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation. *Cf. Brown*, 212 F.3d at 1207-10 (rejecting a rule that a prisoner must always name defendants in his grievance). But, at the same time, the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem.

*Johnson*, 385 F.3d at 522.

The Movants have not shown that jail officials did not have fair notice and an opportunity to address Plaintiff's complaint. The jail grievance policy does not specifically require inmates to name or identify officers, and the Movants have not shown that Plaintiff's complaint concerning his placement in "ISO #20" could not be addressed without Plaintiff identifying the individuals connected with his placement in "ISO #20." Indeed, jail officials did not reject Plaintiff's grievance for his failure to name any specific individual, but responded to the grievance. Thus, based on the current record, the Court should deny the Motion for Summary Judgment [66] as to Plaintiff's claims against Defendants Madden and Wolfe relating to Plaintiff's placement in "ISO #20."

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that:

1. The Motion for Summary Judgment [66] be GRANTED in part and DENIED in part;

---

[3] On June 16, 2019, Plaintiff submitted a grievance requesting that Defendant Madden move him from isolation to "Q-7." *See* Grievance [66-1]. This grievance, however, was filed after Madden was added as a Defendant.

2. Plaintiff's claims against Defendants Billy McGee, Marcol Smith, Richard Williams, Adarius Perkins, Byron Alexander, Justin Garrett, Adrian Jones, Elias Lover, and Forrest County, Mississippi be dismissed without prejudice; and

3. The action continue as to Defendants Marcus Madden, Jerome Wolfe, Southern Health Partners, Pine Belt Mental Health,[4] Nurse Adams, Nurse Grace.

### NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 29th day of October, 2019.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge

---

[4] Pine Belt Mental Health has a pending Motion for Summary Judgment [70] which is not yet fully briefed. Plaintiff's response is overdue.