IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES FARRELL GAITANIS                                             PLAINTIFF

v.                                            CIVIL ACTION NO. 2:19-cv-43-KS-MTP

SOUTHERN HEALTH PARTNERS, ET AL.                        DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the Motion for Summary Judgment [70] filed by

Defendant Pine Belt Mental Healthcare Resources ("Pine Belt"). Having considered the Motion,

the record, and the applicable law, the undersigned recommends that the Motion should be

denied without prejudice.

On March 26, 2019, Plaintiff James Farrell Gaitanis, proceeding *pro se* and *in forma*

*pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he

was incarcerated at the Forrest County Jail. Plaintiff initially brought claims against the Forrest

County Jail Medical Department[1] concerning his medical care. Plaintiff filed multiple Motions

to Amend [11] [13] [21]. On April 15, 2019, Southern Health Partners and Pine Belt were added

as Defendants. *See* Order [9].

On May 22, 2019, Nurse Adam, Nurse Grace, Sheriff Billy McGee, Elias Lover, Marcol

Smith, and Richard Williams were added as Defendants. *See* Order [12]. On May 23, 2019,

Adarius Perkins, Byron Alexander, Justin Garrett, and Adrian Jones were added as Defendants.

*See* Order [14]. On June 12, 2019, Forrest County, Marcus Madden, and Jerome Wolfe were

added as Defendants. *See* Order [22]. Plaintiff asserts claims concerning denial of adequate

---

[1] The Court dismissed the Forrest County Jail Medial Department on May 30, 2019. *See* Order
[15].

medical care, failure to protect from harm, retaliation, mail censorship, racial discrimination, denial of showers, denial of the right to practice his religion, and deprivation of food.

Concerning Pine Belt, Plaintiff claims that it refused to see him and refill his prescribed psychiatric drugs.  Pine Belt filed a Motion for Summary Judgment [70], arguing that to the extent Plaintiff has asserted state-law claims, the claims should be dismissed because Plaintiff did not satisfy the notice requirement of Miss. Code Ann. § 11-46-11(1) and because his claims are barred by Miss. Code Ann. § 11-46-9(1)(m).  Pine Belt also argues that Plaintiff's Section 1983 claims should be dismissed because he has failed to establish a constitutional violation.

The undersigned notes that it is not clear that Plaintiff has asserted any state-law claims against Pine Belt.  Before ruling on the merits of such potential claims, the undersigned desires to conduct a *Spears*[2] hearing, during which Plaintiff will have an opportunity to clarify and amend his allegations. *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Additionally, the undersigned finds that before the Court determines whether Plaintiff has presented evidence establishing a constitutional violation, Plaintiff should be provided an opportunity to appear at a *Spears* hearing and explain what, if any, discovery is necessary to support his claims.  Once that process is complete, the Court will set a deadline for dispositive motions.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Motion for Summary Judgment [70] be DENIED without prejudice to the Defendants right to seek summary judgment following the *Spears* hearing and in accordance with the scheduling or omnibus order to be entered by the Court following the hearing.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 27th day of February, 2020.

s/ Michael T. Parker
United States Magistrate Judge